# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**Brenda Spor,** an individual )
240 Mission Road )   CIVIL DIVISION
Latrobe, PA 15650 )
) CASE NO.:  GD- 19 - 006397
)
Plaintiff, )
)
v. )
)
) Code 009 – Trespass - Other
**Wal-Mart Stores East, Inc., d/b/a as Wal-** )
**Mart Stores East, LP and Wal-Mart,** a )
Corporation, )
702 S.W. 8th Street ) **COMPLAINT IN CIVIL ACTION**
Dept. 8687 0555 )
Bentonville, AR 72716 ) **JURY TRIAL DEMANDED**
)
Defendant.

Filed on behalf of:

Plaintiff

COUNSEL OF RECORD FOR THIS
PARTY:

David M. Kobylinski, Esquire
Pa. ID No.: 92233

Peter T. Kobylinski, Esquire
Pa. ID No.: 309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA 15219
(412) 281-6600

FILED
2019 APR 30 PH 3:47

OPS$CANDICE1
30 April 2019
15:52:18
GD-19-006397

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Brenda Spor,** | ) |
| | )    CIVIL DIVISION |
| Plaintiff, | ) |
| | )    CASE NO.: |
| v. | ) |
| | ) |
| **Wal-Mart Stores East, Inc., d/b/a as Wal-** | ) |
| **Mart Stores East, LP and Wal-Mart,** | ) |
| | )    **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the Court

your defenses or objections to the claims set forth against you. You are warned that if you fail to

do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief

requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A

LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Brenda Spor,** | ) |
| | ) CIVIL DIVISION |
| Plaintiff, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) |
| **Wal-Mart Stores East, Inc., d/b/a as Wal-** | ) |
| **Mart Stores East, LP and Wal-Mart,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

AND NOW come plaintiff Brenda Spor, through counsel, who aver as follows:

### PARTIES

1.    Plaintiff Brenda Spor ("Plaintiff") is a citizen of the Commonwealth of Pennsylvania and resides at 1240 Mission Road, Latrobe, PA 15650.

2.    Defendant Wal-Mart Stores East, Inc. ("Defendant") is a foreign corporation that conducts business throughout Pennsylvania and has corporate offices at 702 S.W. 8th Street, Bentonville, AK 72716.

3.    Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### FACTS

4.    Plaintiff was born on April 24, 1958 and is 61 years of age at the time of this complaint.

5.    Plaintiff was employed with Defendant beginning in June 2010 and ending in February 21, 2018.

6.      Plaintiff avers that she was terminated on February 21, 2018 on the basis of her age and disabilities. Plaintiff averts that Defendant's proffered reasons are pre-textual and not founded in fact.

7.      Plaintiff worked for Defendant as an associate in the deli department at the Wal-Mart store located at 100 Colony Lane, Latrobe, PA 15650.

8.      During her employment with Defendant, Plaintiff began suffering from several serious medical conditions that included depression, digestive conditions and anxiety.

9.      These medical conditions required Plaintiff to take time off of work to attend doctor appointments and on limited occasions miss work entirely when symptomatic.

10.     Plaintiff informed Defendant of her medical conditions and her need to miss work either for appointments or to recover when symptomatic.

11.     In 2017, Plaintiff suffered an  injury that required her to take temporary disability leave for an ankle injury that caused her to miss work from May 21, 2017 until June 6, 2017, which was approved.

12.     Following her return to work after June 6, 2017, Plaintiff continued to suffer from her other medical conditions that required her to apply for and receive intermittent leave from June 14, 2017 until June 13, 2018, which was administrated by Sedgwick.

13.     Following her ankle injury and application for intermittent leave, Plaintiff began to notice that Defendant was treating her differently than other similarly situated employees that were either not suffering from a disability or under the age of 40.

14.      In particular, Defendant operated on a point system to determine whether an employee was to be terminated for attendance issues.

15.     Plaintiff's supervisor would as a matter of course remove points against younger employees that were under the age of 40 to avoid having to terminate them.

16.     On several occasions, Plaintiff overheard her co-workers that were under the age of 40 "bragging" about how the manager did not count the points against them or outright erased the points.

17.     Plaintiff did not receive similar treatment concerning the removal of any points on her record.

18.     Plaintiff believes and therefore avers that Defendant removed these points as to her coworkers as they were under the age of 40 and/or not similarly disabled as herself.

19.     On January 25, 2018, Plaintiff attended a doctor's appointment that required her to arrive at work after her shift began.

20.     Plaintiff informed both Defendant and Sedgwick that her doctor appointment was related to her approved leave, which necessitated her to arrive after her start time on January 25, 2018.

21.     On January 27, 2018, Plaintiff took a sick day due to her approved medical conditions that affected her ability to report to work.

22.     Again, Plaintiff informed both Defendant and Sedgwick that as a result of her approved medical condition she not be able to report to work on January 27, 2018.

23.     On February 21, 2018, Plaintiff was terminated from her employment.

24.     Plaintiff was informed that she was being terminated as a result of the points she acquired for being late on January 25, 2018 and missing work on January 27, 2018.

25.     Plaintiff informed Defendant that these two attendance issues related to her approved intermittent leave and should not be counted against her.

26.     Defendant disregarded her statement and enforced its decision to terminate her.

27.     Plaintiff believes and therefore avers that Defendant terminated her as a result of her disabilities, usage of intermittent leave and as a result of her age.

## DAMAGES

28.     As a direct and proximate result of the Defendant's discriminatory practices and breach of contract, Ms. Spor suffered from the following injuries and damages:

    a.  Plaintiff lost income, employment benefits and her financial security;

    b.  Plaintiff suffered damage to her reputation;

    c.  Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

    d.  Plaintiff suffered and continues to suffer from a diminution in enjoyment of her life;

    e.  Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

    f.  Attorneys' fees and costs.

## COUNT I

## DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

29.     All preceding paragraphs are whereby incorporated herein as if set forth at length.

30.     Plaintiff is a member of a protected class under the ADEA.

31.     Plaintiff was born on April 24, 1958 and was 59 years of age at the time she was fired from her employment.

32.     Plaintiff was discrimination against because she was an "older" employee who had seniority and higher wages.

33.     Plaintiff was discriminated against by Defendant by terminating her employment because of her age and not providing the equal treatment as younger employees.

34.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c)     The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d)     The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e)     The award of any pre-judgment interest on any back pay.

f)     The award of compensatory damages.

g)     The award of punitive damages.

h)     The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT TWO

### COMPENSATORY DAMAGES UNDER THE FMLA 29 U.S.C. §§ 2601-2654

35.   The prior paragraphs of this complaint are incorporated herein by reference.

36.   Defendant qualifies as an "employer" as defined by the FMLA.

37.   Plaintiff qualifies as an "eligible employee" as defined by the FMLA.

38.   Plaintiff was and/or should have been qualified for an "entitlement to leave" as defined by the FMLA §2612(a)(E).

39.   Defendant denied Plaintiff's request for FMLA and her entitled relief as prescribed under the Act.

40.   Plaintiff was not provided any information concerning her application for FMLA, retention of her position, and restoration of her position following the procedure.

41.   Defendant denied Plaintiff's request for her position to be maintained and restored in violation of the FMLA.

42.   Defendant violated the FMLA and Plaintiff seeks relief against them for the same as more fully outlined above and as permitted under §2617(a)

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs.

### COUNT III

### DISABILITY DISCRIMINATION UNDER ADA

43.   The prior paragraphs of this Complaint are incorporated herein by reference

44.   Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

45.    With reasonable accommodation Plaintiff could perform the essential functions of the position of deli associate.

46.    Defendant by its conduct, has engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq.*

47.    These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from her employment.

48.    It is believed and therefore averred that these unlawful practices were intentional on the part of Defendant.

49.    It is believed and therefore averred that Defendant intentionally discriminated against Plaintiff because of her seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

50.    These unlawful practices were committed by the Defendant to deprive Plaintiff of her rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

51.    These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of her disability.

52.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

53.    Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of disability.

c) The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of punitive damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## JURY TRIAL IS DEMANDED AS TO ALL COUNTS

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

April 30, 2019

Peter T. Kobylinski, Esquire

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____/s/ Peter T. Kobylinski, Esquire_____
Peter T. Kobylinski, Esquire (PA ID # 309832)\

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

_Allegheny_ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name:
Brenda Spor

Lead Defendant's Name:
Wal-Mart Stores East, Inc.

Are money damages requested? [x] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

Is this a *Class Action Suit*? [ ] Yes [x] No    Is this an *MDJ Appeal*? [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: David M. Kobylinski

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____

- [ ] Employment Dispute: Discrimination
- [x] Employment Dispute: Other
  FMLA discrimination _____

- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____

- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*